CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 17 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENNETH WAYNE JOHNSON, | CASE NO. 7:13CV00067 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| DIRECTOR, VIRGINIA DEPARTMENT OF CORRECTIONS, | By: James C. Turk<br>Senior United States District Judge |
| Respondent. | |

Kenneth Wayne Johnson, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the October 7, 2011 judgment of the Circuit Court of the City of Bristol, Virginia, under which he stands convicted of drug offenses and sentenced to 40 years in prison, with 30 years suspended. Upon review of the records, the court concludes that the motion to dismiss must be granted.

I

Johnson pleaded guilty on September 15, 2011, pursuant to a written plea agreement, to distribution of oxycodone, third or subsequent offense, in violation of VA. Code § 18.2-248, and possession of hydromorphone with intent to distribute, third or subsequent offense, in violation of Va. Code § 18.2-248(C). (Case Nos. CR11000043-00 and CR11000096-00.) These charges arose from two transactions between Johnson and a confidential informant that occurred on December 21, 2010, and April 22, 2011. Among other things, the Commonwealth had DVD recordings of the drug transactions for which Johnson was charged, which the prosecutor provided to Johnson's counsel before the plea hearing, along with other discovery.

In the plea agreement, Johnson stipulated that the evidence the Commonwealth could offer against him was sufficient to support his conviction and that venue and jurisdiction over the charges was proper. In exchange, the Commonwealth agreed to recommend that Johnson receive a sentence of 20 years and fine of $2000 for each count, to run consecutive, but with all but 10 years of the prison time suspended.

The plea agreement indicated Johnson's understanding of the charges and the terms and consequences of his plea agreement and that he had consulted with his attorney about the elements to be proven to convict him. The agreement also indicated that Johnson was waiving certain trial rights and his right to appeal, that he had not been coerced or promised anything by the Commonwealth in exchange for the plea other than the written terms of the agreement, that he had consulted counsel and was satisfied with counsel's services, and that he was pleading guilty because he was guilty of the charged crimes.

Johnson also signed a guilty plea questionnaire, affirming his understanding of the plea agreement, the consequences of pleading guilty, and his potential exposure to two life sentences. He indicated on the form that had completed high school and some college courses, that he was not under the influence of drugs or alcohol, and that he had discussed with counsel whether the defense of accommodation might apply in his case. Johnson verbally confirmed to the trial judge that he had answered the questions, signed the questionnaire, understood the plea agreement, and agreed with its stipulations. In support of the guilty plea, in addition to Johnson's stipulations, the Commonwealth offered into evidence certificates of analysis of the drugs involved in the transactions for which Johnson was charged and evidence of his prior convictions.

With regard to sentencing, defense counsel requested that Johnson be referred to a facility where he could receive medical treatment for melanoma. Before accepting Johnson's plea and pronouncing sentence, the court asked Johnson if he had anything to say. Johnson stated:

> Your Honor, I think it's a sad day when the [Bristol police] ha[ve] to call some old man up in Abingdon, sitting at home, minding his own business, and their informant calls him four times that day. The last time crying, begging him to please go . . . and get him some pills and bring them down here to him. . . . I think it's just a sad day when the Bristol Police Department has to do something like that to convict an old man like me for selling pills.

Plea Transcript 11, Sept. 15, 2011. The court asked, "Mr. Johnson, sir, in light of that statement, do you wish to change your guilty plea?" Id. 12. Johnson answered, "No, Your Honor. I did what they said I did." Id. The court then sentenced Johnson in accordance with the plea agreement to a total of 40 years in prison with 30 years suspended. Johnson did not appeal.

Johnson filed a timely petition for a writ of habeas corpus in the Supreme Court of Virginia. By order dated January 10, 2013, the Supreme Court of Virginia dismissed Johnson's petition (Record No. 121475).

Johnson then filed his timely § 2254 petition. Liberally construed, he alleges the following claims for relief:

1. Petitioner was only guilty of distributing drugs as an accommodation;

2. Petitioner's sentence violated the 8th Amendment because it was disproportionate to his crime;

3. Petitioner's sentence violated the 14th Amendment by treating him differently than "similarly situated" people;

4. Petitioner's guilty plea involuntary because his medication and mini-strokes prevented him from thinking clearly;

5. Petitioner was denied the due process right to know the evidence against him and confront his accusers because he did not know the name of the confidential informant or see the discovery;

3

6. The prosecutor failed to disclose exculpatory evidence to petitioner, who never saw the discovery, DVDs, or police report;

7. Counsel was ineffective in failing to argue or present evidence of accommodation at sentencing.

Respondent moves to dismiss these claims as procedurally barred from federal habeas review or without merit. Johnson has responded, making the matter ripe for disposition.

II

A. Standards of Review

"A federal court ordinarily may not consider claims that a petitioner failed to raise at the time and in the manner required under state law unless 'the prisoner demonstrates cause for the default and prejudice from the asserted error.'" Teleguz v. Pearson, 689 F.3d 322, 327 (4th Cir. 2012) (quoting House v. Bell, 547 U.S. 518, 536 (2006)). If a state court expressly bases its dismissal of a habeas claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the federal version of that habeas claim is procedurally barred from review on the merits. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). A federal habeas court may review the merits of a procedurally defaulted claim only if petitioner demonstrates cause for the default and resulting prejudice or makes a colorable showing of actual innocence. Breard, 134 F.3d at 620. An error by counsel may serve as cause for a default, but only if petitioner demonstrates that the error was so egregious that it violated petitioner's constitutional right to the effective assistance of counsel. Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000).

When a § 2254 petitioner's habeas claim has been adjudicated on the merits in state court proceedings, the federal review court cannot grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

4

established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011).

## B. Discussion of Claims

### 1. Procedurally Defaulted Claims

The respondent argues that Claims 2 and 3 are procedurally defaulted.[1] For the following reasons, the court agrees. Johnson presented each of these claims in his state habeas petition, and the Supreme Court of Virginia expressly held that they were procedurally barred from habeas review under Slayton v. Parrigan, 205 S.E.2d 680, 682 (1974), because Johnson failed to raise these issues at trial and on direct appeal. Slayton is a valid state procedural rule, independent of the federal question and adequate to support the judgment. See Smith v. Murray, 477 U.S. 527, 533-39 (1986); Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998). Johnson fails to show cause for this default or resulting prejudice and makes no colorable claim of actual innocence. Therefore, these claims are also procedurally barred from federal habeas review and must be dismissed. Breard, 134 F.3d at 620.

### 2. Voluntary Guilty Plea

In Claim 4, Johnson asserts that his guilty plea was invalid because he was not mentally capable of understanding the proceedings. Specifically, he contends that at the time of the guilty plea, he was taking 1600 mg. of Neurontin daily and had suffered three "TIA attacks (mini-strokes)." Pet. 7. He offers copies of his medical records that mention his medication and his various medical conditions, including neurological issues. Johnson claims that as a result of the medication and strokes, he suffered numbness in his left side, memory loss, and loss of sight in

---

[1] Johnson's federal Claim 1 will be addressed later in this opinion.

5

his left eye. He asserts that only after he had been off the drug for two months did he start to regain his memory and understand what had happened during the criminal proceedings.

Johnson presented similar allegations in his state petition, and the Supreme Court of Virginia denied relief, finding that Johnson had failed to demonstrate why he should not be bound by his sworn statements that his guilty plea was voluntary, citing <u>Anderson v. Warden</u>, 281 S.E.2d 885, 888 (Va. 1981). <u>Anderson</u> holds that when asserting an ineffective assistance of counsel claim to invalidate a plea, a state habeas petitioner is prohibited (absent an adequate reason) from presenting facts that directly controvert his prior statements concerning voluntariness of the plea or adequacy of trial counsel. <u>Id.</u> The state court found that nothing in Johnson's <u>habeas</u> petition undermined the veracity of his statements during the plea colloquy that he understood the proceedings and the consequences and had committed the offense conduct as charged.

The court cannot find the state court's adjudication of this claim to be unreasonable under § 2254(d). Under established federal law,

> the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

<u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977). To mount a collateral attack of his guilty plea, petitioner must offer valid reasons why his prior statements should not be conclusively accepted as true. <u>Via v. Superintendent, Powhatan Correctional</u>, 643 F.2d 167, 171-72 (1981).

Johnson's claim that medication and mini-strokes prevented him from understanding the plea agreement and guilty plea proceedings is directly contradicted by his sworn statements to the court at the plea hearing. He indicated that he was not under the influence of drugs at that

6

time. His responses during the plea colloquy indicated, repeatedly, that he had consulted with counsel about, and understood, the charge, the plea agreement, the consequences of his plea, and the stipulation in the agreement that the Commonwealth could prove every element of the charge. Johnson's spontaneous comments to the court at the end of the hearing also indicated his understanding of the evidence, the charge, and the guilty plea proceedings. His self-serving, after-the-fact claims of being incapacitated at the hearing by memory loss and confusion induced by medication and strokes are simply not credible, when compared to his solemn declarations on the record to the contrary. Thus, the court concludes that Johnson fails to overcome the presumption of veracity attached to his sworn statements indicating that his guilty plea was knowing and voluntary, and therefore, valid. Because the state courts' adjudication of this claim was neither contrary to nor an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts, the court must grant the motion to dismiss under § 2254(d) as to Claim 4.

### 3. Claims Waived by the Valid Guilty Plea

In Claims 1, 5 and 6, Johnson asserts that the evidence would have proved he was only distributing drugs as an accommodation, he was denied the right to confront the confidential informant and the Commonwealth's evidence, and that evidence was not disclosed to him, personally. All of these claims could have been raised to the trial court before the guilty plea. The Supreme Court of Virginia found that, by entering a valid guilty plea, Johnson waived his opportunity to raise these trial right claims. See Peyton v. King, 169 S.E.2d 569, 571 (Va. 1969) (finding that a voluntary and intelligent guilty plea waives all non-jurisdictional defenses antecedent to a guilty plea).

7

The state court's finding is consistent with established federal law. "It is well settled that a voluntary and intelligent plea of guilty of an accused person, who has been advised by competent counsel, may not be collaterally attacked." United States v. Broce, 488 U.S. 563, 574 (1989) (omitting citation).

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973). The constitutional rights asserted in Claims 1, 5 and 6 are among those rights Johnson expressly waived pursuant to his valid guilty plea and plea agreement: the right to present evidence of accommodation, the right to disclosure of the Commonwealth's exculpatory evidence, and the right to confront the evidence and witnesses against him.[2] Thus, he has waived his right to contend in this habeas corpus proceeding that he was deprived of these rights.[3] Id. Because the state courts' adjudication of Claims 1, 5 and 6

---

[2] In Claim 6, Johnson cites Brady v. Maryland, 373 U.S. 83, 87 (1963), alleging that the prosecutor failed to disclose exculpatory evidence to "me. Maybe my lawyer, but [I] never saw it." Pet. 8. To state a Brady claim, however, the defendant must state facts showing that the government possessed, but did not disclose to the defense, evidence favorable to the defendant to which he did not otherwise have access, and that with disclosure of that evidence, the outcome of the proceeding probably would have been different. United States v. Wilson, 901 F.2d 378, 380-81 (4th Cir. 1990) (citations omitted). The prosecutor has no obligation under Brady or any other precedent or provision to present evidence directly to the defendant, rather than to the defendant's counsel. Moreover, Johnson does not dispute the prosecutor's affidavit, stating that, well before the guilty plea, Johnson's attorneys were provided with discovery and Brady materials, including the DVD of the drug transactions. Nor does Johnson point to any particular exculpatory item of evidence that was not disclosed to his attorneys or demonstrate any reasonable probability that, with disclosure of any such item, the outcome at trial would have been different. Thus, Johnson fails to allege facts supporting a Brady claim. In any event, any such claim was waived by his valid guilty plea.

[3] Respondent also argues that Claim 1 presents merely a claim that the court erred under state sentencing law, which is not a cognizable claim for relief under § 2254. The court agrees. A federal court may grant relief under § 2254 only upon a showing that petitioner is confined in violation of the Constitution, laws or treaties of the United States. § 2254(a); Wilson v. Corcoran, 131 S. Ct. 13, 14 (2010) (same). "Federal habeas corpus relief does not lie for errors of state law." Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011) (per curiam).

8

was neither contrary to nor an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts, the court must grant the motion to dismiss under § 2254(d) as to these claims.

### 4. No Showing of Ineffective Counsel

To prove that counsel's representation was constitutionally ineffective, petitioner must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. Strickland v. Washington, 466 U.S. 668, 669 (1984). In addition, petitioner must show prejudice – by demonstrating a "reasonable probability" that but for counsel's errors, the outcome would have been different. Id. at 694-95. If it is clear that the defendant does not demonstrate resulting prejudice, the court need not determine whether counsel's representation was deficient. Strickland, 466 U.S. at 697.

Under § 18.2-248(D) of the Virginia Code, an individual convicted of distributing a Schedule I or II controlled substance can mitigate the amount of punishment to be imposed by proving that he did so "only as an accommodation to another individual . . . and not with intent to profit thereby . . . nor to induce the recipient to use or become addicted to" the drug. A defendant is entitled to such mitigation of his penalty only upon evidence establishing the elements of accommodation by a preponderance. Stillwell v. Commonwealth, 247 S.E.2d 360, 365 (Va. 1978).

In support of Claim 7, Johnson asserts that he asked counsel to argue under § 18.2-248(D) that his drug distributions were an accommodation, based on a lack of evidence that he

profited in any way from the drug transactions, but counsel failed to do so.[4] The Supreme Court of Virginia dismissed Johnson's ineffective assistance of counsel claim under Anderson, 281 S.E.2d at 888, based on his representations at the plea colloquy that he was satisfied with counsel's assistance. The court cannot find that this disposition was inconsistent with federal law.

Johnson's allegations of ineffective counsel fail on the prejudice prong of the Strickland standard. By negotiating the plea agreement, Johnson's counsel had already garnered the Commonwealth's recommendation, which the court accepted, to suspend 30 years of Johnson's prison time. Johnson fails to demonstrate how an additional accommodation argument at sentencing would have resulted in a better sentencing outcome. Indeed, reopening arguments over the appropriate sentence might have caused the Commonwealth or the court to reject the plea agreement and its sentencing benefits for Johnson.

Moreover, as the state court found, Johnson's claim that he asked counsel to argue accommodation at sentencing is directly contradicted by his affirmance during the hearing that he had discussed an accommodation defense, that he was satisfied with counsel's efforts, and that he wanted to plead guilty under the plea agreement. Blackledge, 431 U.S. at 73-74 (approving dismissal of "contentions that in the face of the record are wholly incredible"). Because the state courts' adjudication of Claim 7 was neither contrary to nor an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts, the court must grant the motion to dismiss under § 2254(d) as to these claims.

---

[4] In Claim 6, Johnson also alludes to counsel's failure to review all of the Commonwealth's evidence with him. Because Johnson does not state that viewing the evidence would have changed his mind about the guilty plea, he apparently believes that the unreviewed evidence would have supported his accommodation argument for sentencing purposes, as stated in Claim 7.

10

## III

For the stated reasons, the court concludes that Johnson is not entitled to relief under § 2254. Because his claims are either procedurally defaulted or without merit, the court will grant the motion to dismiss. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 17th day of December, 2013.

*James C. Turk*
Senior United States District Judge